BARUCH v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 25, 1909.)

No. 245 (4,419).

CUSTOMS DUTIES · (§ 32*) — CLASSIFICATION — "BINDINGS" — FEATHERSTITCH BRAIDS.

    Braids used as bindings are specially provided for as "bindings" in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 320, 30 Stat. 179 (U. S. Comp. St. 1901, p. 1661), and, though commercially known as "featherstitch braids," are therefore removed from the provision for "braids

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

* * * not elsewhere specially provided for," in Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 32.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 159 Fed. 294.

This is an appeal taken by an importer from a decision of the Circuit Court, Southern District of New York (159 Fed. 294), affirming a decision of the Board of General Appraisers, which affirmed a decision of the collector that certain imported merchandise, consisting of various loom-woven fabrics, was dutiable as braids under paragraph 339 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]). The merchandise is of three classes, shown in Exhibits A, B, and C. The importer concedes that the broad articles, shown in Exhibit C, were properly assessed under paragraph 339, but contends that the narrow articles, illustrated in Exhibits A and B, should have been assessed as "bindings" under paragraph 320 of said tariff act.

The two paragraphs in question follow, and, as the development of the legislation is of importance, they are shown in parallel columns with the corresponding paragraphs of the tariff acts of 1890 (Act Oct. 1, 1890, c. 1244, 26 Stat. 567), and 1894 (Act Aug. 27, 1894, c. 349, 28 Stat. 509):

| Act of 1890. | Act of 1894. | Act of 1897. |
|---|---|---|
| 354. Cotton cords, braids, boot, shoe, and corset lacings, thirty-five cents per pound; cotton gimps, galloons, webbing, goring, suspenders, and braces, and of the foregoing which are elastic or non-elastic, forty per centum ad valorem: Provided, that none of the articles included in this paragraph shall pay a less rate of duty than forty per centum ad valorem. | 263. Cords, braids, boot, shoe and corset lacings, tapes, gimps, galloons, webbing, goring, suspenders and braces, woven, braided, or twisted lamp or candle wicking, lining for bicycle tires, spindle binding, any of the above made of cotton or other vegetable fiber and whether composed in part of India rubber or otherwise, forty-five per centum ad valorem. | 320. Bandings, beltings, bindings, bone casings, cords, garters, lining for bicycle tires, ribbons, suspenders and braces, tapes, tubing, and webs or webbing, any of the foregoing articles made of cotton or other vegetable fiber, whether composed of in part of india-rubber or otherwise, and not embroidered by hand or machinery, forty-five per centum ad valorem; spindle banding, woven, braided or twisted lamp, stove, or candle wicking made of cotton or other vegetable fiber, ten cents per pound and fifteen per centum ad valorem; loom harness or healds made of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component *material of chief* value, fifty cents per pound and twenty-five per centum ad valorem; boot, shoe, and corset lacing made of cotton or other vegetable fiber, twenty-five cents per pound and fifteen per centum ad valorem; labels, for garments or other articles composed of cotton or other vegetable fiber, fifty cents per pound and thirty per centum ad valorem. |
| 373. Laces, edgings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window curtains, and other similar tamboured articles, and articles embroidered by hand or machinery, embroidered and hemstitched | 276. Laces, edgings, nettings and veilings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window curtains, tamboured articles, and articles embroidered by hand or machinery, embroidered handkerchiefs, and ar- | 339. Laces, lace window curtains, tidies, pillow shams, bed sets, insertings, flouncings, and other lace articles; handkerchiefs, napkins, wearing apparel, and other articles, made wholly or in part of lace, or in imitation of lace; nets or |

handkerchiefs, · and articles made wholly or in part of lace, rufflings, tuckings, or ruching, all of the above-named articles, composed of flax, jute, cotton, or other vegetable fiber, or of which these substances or either of them or a mixture of any of them is the component material of chief value, not specially provided for in this act, sixty per centum ad valorem: Provided, that articles of wearing apparel, and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed.

ticles made wholly or in part of lace, rufflings, tuckings, or ruchings, all of the above-named articles, composed of flax, jute, cotton, or other vegetable fiber, or of which these substances or either of them, or a mixture of any of them, is the component material of chief value, not specially provided for in this act, fifty per centum ad valorem.

nettings, veils and veilings, etamines, · vitrages, neck rufflings, ruchings, tuckings, flutings, and quiltings; embroideries and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings and bands; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter monogram or otherwise; tamboured or appliqued articles, fabrics or wearing apparel; hemstitched or tucked flouncings or skirtings, and articles made wholly or in part of rufflings, tuckings or ruchings, all of the foregoing, composed wholly or in chief value of flax, cotton, or other vegetable fiber and not elsewhere specially provided for in this act, whether composed in part of india-rubber or otherwise, sixty per centum ad valorem: Provided, that no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which embroidery is composed.

Bindings appeared for the first time in the act of 1897, when they were inserted in paragraph 320. Braids at the same time were inserted in paragraph 339. In the provisions of the acts of 1890 and 1894 the word "braid" appeared without words of limitation. In paragraph 339 it is followed by the restriction "not elsewhere specially provided for in this act." The articles in the paragraphs at the head of the parallel column (paragraph 354 of the act of 1890; paragraph 263 of the act of 1894, and paragraph 320 of the act of 1897) are primarily articles of utility, not inappropriately designated in the brief of the importer as "notions." The other paragraphs embrace articles which are primarily for the purpose of ornamentation.

Comstock & Washburn (Albert H. Washburn, of counsel, and J. Stuart Tompkins and George J. Puckhafer, on the brief), for importers. ·

J. Osgood Nichols, for the United States.

Before LACOMBE,. WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The merchandise in question consists of narrow woven strips bearing "featherstitch" or "herringbone" ornamentation. Their practical ·use is to cover seams. They are inexpensive, and are largely used in making infants' clothing and underwear. The featherstitch ornamentation improves the appearance of the garment, and is added for that purpose. But the primary purpose of the article is one of utility.

This article has borne various names, such as "seam binding," "featherstitch binding," "featherstitch tape," etc.; but the name by

which it has usually been called is "featherstitch braid." Indeed, while the article is not braided, but woven, we should have little difficulty in adopting the conclusion of the Circuit Court and of the Board of Appraisers that prior to 1897 it was generally commercially designated as "featherstitch braid." But this is not a case in which the finding of a commercial designation carries us far. The question is, not whether the articles are braids, but whether they are braids not else-where specially provided for in the act. Manifestly commercial desig-nation can have no bearing upon the latter inquiry. It cannot be said that the phrase "braids not otherwise specially provided for" had any commercial meaning—different from the common understanding—in-cluding this merchandise. The articles may be called "featherstitch braids"; but, if some braids are bindings, it is not inconsistent with the commercial designation to assess them under the binding para-graph.

Had this question arisen under the tariff acts of 1890 or 1894, the situation would be entirely different. As we have seen, the word "braid" was used in those acts without words of limitation or quali-fication. If in a case under either of those acts it had been shown that an article was commercially known as a "braid," it would have neces-sarily brought it within the statute. But an article is not necessarily brought within paragraph 339 by showing that it is a braid. It may be a braid without question—may have been made upon a braiding machine; but, if it is more specially provided for elsewhere, it is not included. Accepting the commercial designation of these articles as featherstitch braids, we only reach the conclusion that they should be classified under paragraph 339 if they are not more specifically pro-vided for elsewhere.

Now, the following definition of the word "binding" appears in the Standard Dictionary:

"A braid or strip folded and sewed on the edge of any fabric, or sewed over the place where two parts are joined, so as to protect and secure the parts cov-ered by it."

It thus appears that a binding may be a braid used or adapted to be used for a particular useful purpose. Many kinds of braid are not adapted to this use. They are employed for ornamental purposes sole-ly. Braids of this character should be classified under paragraph 339. And, as we have seen, this classification would be especially appropri-ate, as that paragraph and those corresponding to it in the earlier acts have always applied particularly to articles of ornamentation. But these featherstitch braids, being used for the purpose of binding seams, are, in our opinion, the kind of braids properly called bindings. And we think that it may fairly be assumed that, when Congress inserted the word "bindings" in the "notions" paragraph and transferred the word "braid" to the "trimmings" paragraph with words of qualifica-tion, it intended to embrace in the latter paragraph only such braids as were not bindings. If the articles are bindings, as well as braids, the provision in the "notions" paragraph is the more specific. Bind-ings are embraced without the words of restriction or qualification. These articles as bindings are necessarily included, and they are spe-cially provided for elsewhere than in paragraph 339.

This discussion of the case upon principle leads us to the conclusion that the merchandise should have been assessed for duty as bindings under paragraph 320; and we reach no different result from an examination of other cases, although the question of the classification of this merchandise has been before the courts several times and conflicting decisions have been rendered. In the case of In re Dieckerhoff (C. C.) 54 Fed. 161, it was held that these articles were dutiable as cotton braids under the section of the act of 1890 first quoted, and not as cotton trimmings under the second section quoted. This decision, however, has no special bearing upon the question now under consideration because, as we have seen, bindings were not provided for in the act of 1890. Featherstitch braids may well not be trimmings within the ornamental article paragraph of the earlier act and yet be bindings within the useful article paragraph of the act of 1897.

The government, however, insists that in view of the Dieckerhoff decision it must be presumed that, when Congress used the word "braids" in the act of 1897, it intended that it should apply to featherstitch braids. As just pointed out, however, all that that case held was that the articles were braids and not trimmings. It did not hold that they were not bindings. And Congress used the word "braid" only with words of qualification. We see no force in the contention. Aside from the Dieckerhoff decision under the act of 1890 the question here presented has been decided both ways by the Circuit Court. In Steinhart v. United States (C. C.) 121 Fed. 442, it was held that the articles, if braids, were bindings also, and therefore dutiable under paragraph 320. This decision was followed in The Hague Case which does not appear in the Federal Reporter.[1] In the case of Von Baur v. United States (C. C.) 141 Fed. 439, the question was again presented and decided the other way. The opinion of the board holding that the articles were braids under paragraph 339 was affirmed without opinion by the Circuit Court. We find the reasoning in the Steinhart decision persuasive, and, for reasons already stated, fail to find that the additional evidence requires any different conclusion.

The decision of the Circuit Court is reversed.